513 So.2d 169 (1987)
John C. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2064.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
Rehearing Denied September 25, 1987.
Kirk N. Kirkconnell of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence in a murder case. The issue raised by appellant is in regard to an assessment of points for victim injury. Florida Rule of Criminal Procedure 3.701(d)(7) says victim injury shall be scored if it is an element of the crime at conviction. Injury is an element of murder, appellant concedes, but it should not be scored against him, he says, because he did not actually inflict the injury. Appellant was not the trigger-man; he was only vicariously liable because his partner in their crime killed the victim. We affirm the sentence. The felony murder rule, along with the "principals" statute, is meant to make all participants equally accountable for their criminal acts. Section *170 782.04(4), Florida Statutes, (1985) proscribes the murder to which appellant pleaded nolo contendere. Section 777.011, Florida Statutes, (1985) says anyone who aids and abets, etc., in the commission of a crime is to be punished as if he did the killing. The action of the trial court is based upon sound reasoning and is thus affirmed.
AFFIRMED.
COWART, J., and BEVERLY, V.Q., Associate Judge, concur.