518 So.2d 983 (1988)
Michael CLIFFORD, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 87-990.
District Court of Appeal of Florida, Second District.
January 22, 1988.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
SCHOONOVER, Judge.
The appellant, Michael Clifford, seeks review of the judgments and sentences imposed upon him after he was found guilty of four crimes. The state cross-appeals the sentences imposed upon Clifford. We find no merit in Clifford's contention that the trial court erred in denying his motion to suppress his confession and, accordingly, affirm the convictions. We agree, however, with the state's contention that the trial court erred in sentencing the appellant and, therefore, remand for resentencing.
At the conclusion of a jury trial, Clifford was found guilty as charged of attempted first degree murder, kidnapping, and two counts of sexual battery. As to all offenses, Clifford was charged and found guilty as a principal of the first degree according to section 777.011, Florida Statutes (1983). At sentencing, over the state's objection, Clifford's guidelines scoresheet was calculated without reflecting points for victim injury in connection with any of the four offenses. Based upon this scoresheet, which indicated a sentencing range of twenty-two to twenty-seven years, the trial court sentenced Clifford to four concurrent twenty-seven year terms of imprisonment. Both Clifford's appeal and the state's cross-appeal were timely filed.
Under the facts of this case, the Supreme Court's holding in Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), requires that the guidelines in effect at the time Clifford committed the offenses in question be applied in determining whether the trial court erred in sentencing. See also, Hayes v. State, *984 516 So.2d 318 (Fla. 2d DCA 1987). At the time the crimes were committed, Florida Rule of Criminal Procedure 3.701(d)(7) provided that points for victim injury shall be scored if it is an element of any offenses at conviction.[1]
Since attempted murder and kidnapping do not require proof of physical contact or impact as an element of either offense, the trial court properly did not score points for victim injury as to those charges. See Vaillant v. State, 490 So.2d 1326 (Fla. 3d DCA 1986). Although Clifford concedes that the offense of sexual battery contains the element of physical contact, he contends that victim injury should not be scored against him for his sexual battery convictions because he did not personally perpetrate the offenses. We disagree.
Clifford was charged with and convicted of two counts of sexual battery in violation of sections 794.011(3) and 777.011, Florida Statutes (1983). Although Clifford was not the actual perpetrator of the sexual batteries, he was a principal of the first degree because he aided and abetted his codefendant's commission of these offenses. See § 777.011. According to section 777.011, therefore, Clifford could be charged, convicted, and punished as though he had perpetrated the sexual batteries himself. Furthermore, in Harris v. State, 513 So.2d 169 (Fla. 5th DCA 1987), a case decided after Clifford was sentenced sub judice, our sister court held that victim injury was properly scored in a murder case when the defendant was not the person who shot the victim. The Harris court stated that the principal statute, section 777.011, is intended to make all participants equally accountable for their criminal acts. We agree and, therefore, reverse and remand for resentencing based upon a properly prepared scoresheet including points for victim injury in connection with the two sexual battery charges. We affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and LEHAN, J., concur.
NOTES
[1] Rule 3.701(d)(7) presently provides that, "[v]ictim injury shall be scored for each victim physically injured during a criminal episode or transaction." Florida Rules of Criminal Procedure Re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987).