583 So.2d 386 (1991)
William Sonny JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2853.
District Court of Appeal of Florida, First District.
July 23, 1991.
Nancy Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his sentence of five and one-half years for armed robbery, contending that his guidelines scoresheet was improperly calculated. Because the trial court failed to require the state to produce corroborating evidence when appellant disputed one of his convictions for grand larceny which was scored as part of his prior record, we must reverse and remand for resentencing. Vance v. State, 545 So.2d 398 (Fla. 1st DCA), rev. denied, 551 So.2d 463 (Fla. 1989); and Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986). On remand, the state will be permitted to furnish corroborating evidence of the prior conviction challenged. If the challenged grand larceny conviction is not verified, appellant shall be resentenced accordingly. Spann v. State, 550 So.2d 164 (Fla. 2d DCA 1989).
In its brief, the state acknowledges that the failure to require corroborating proof in this circumstance was error, but nevertheless contends that the error was harmless, because reduction of appellant's scoresheet total by eleven points (for the grand larceny conviction), though reducing appellant's recommended range to the next lower cell, still results in a permitted range of two and one-half years to five and one-half years, and appellant's sentence falls within the permitted range for the reduced point total. However, this court recently rejected a similar argument in Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991). A correct calculation of the scoresheet resulting in a correct minimum-maximum sentence range is essential to establish a valid base for the trial court's exercise of discretion in determining an appropriate sentence under the guidelines. Id. at 341. We are unable to say that in the event the state cannot provide verification *387 of the challenged grand larceny conviction upon remand, that the trial court, upon being apprised of the correct cell, would nevertheless impose the same sentence, even though the sentence of five and one-half years falls within the permitted range of the correct cell.
However, we have rejected appellant's further contention that points for victim injury were improperly scored. The victim was injured when she was hit in the face with a firearm carried by one of appellant's companions. Although the jury found that appellant did not have the firearm in his possession, he was nevertheless a participant in the armed robbery, and he does not escape responsibility for victim injury simply because he was not the one who actually struck the victim. Clifford v. State, 518 So.2d 983 (Fla. 2d DCA), rev. denied, 525 So.2d 877 (Fla. 1988) (victim injury points properly scored where defendant was not the actual perpetrator of the sexual batteries, but aided and abetted his codefendant's commission of the offenses); Harris v. State, 513 So.2d 169 (Fla. 5th DCA 1987) (points for victim injury were properly assessed when the defendant was convicted of felony murder, even though the evidence established that he was not the trigger man). Morgan v. State, 534 So.2d 1239 (Fla. 5th DCA 1988), upon which appellant relies, is distinguishable because the defendant in that case was acquitted of aggravated battery arising out of an incident in which an officer was hit with a flashlight by his companion. The only injury received by the officer resulted from the blow with the flashlight.
REVERSED and REMANDED for resentencing.
JOANOS, C.J., and BARFIELD, J., concur.