PETERSON, Judge.
Melvin Taylor was found guilty of false imprisonment, sexual battery, and aiding and abetting sexual battery. The trial court scored the offense of aiding and abetting sexual battery as a first-degree felony rather than as a second-degree felony pursuant to section 794.023, Florida Statutes (1991). That section is the “gang rape” statute that allows a sexual battery to be punished as a next higher degree of the felony committed. Taylor contends that the court should not have enhanced the offense and that the evidence did not support the court’s total assessment of eighty victim injury points of forty each for sexual battery and for aiding and abetting sexual battery. We affirm the convictions and sentences.
Taylor and a codefendant accosted the nineteen-year-old victim as she was walking along U.S. Highway 1 in Melbourne. They grabbed her by her arms and forced her to walk with them to an abandoned house where they climbed through a window. Taylor was the first to climb through the window, and while he was doing so, the victim attempted to flee. The codefendant stopped her and hit her with his fist, causing injury to her face. Once inside the house, Taylor held a piece of broken glass against the victim’s throat while the code-fendant raped her. The two then reversed roles, and in the process the victim’s arms were cut. An examining physician testified that the victim’s injuries included a contusion to her right eye, a swollen cheek, a laceration on her neck, and multiple linear lacerations to both forearms. Scars from the injuries to the forearms were exhibited at trial. The court assessed victim injury points for the above-described injuries and not for penetration because this case is controlled by Karchesky v. State, 591 So.2d 930 (Fla.1992).
Taylor argues that victim injury points should not be assessed against him since it was the codefendant who punched her in the face and since there was no testimony that it was Taylor who inflicted the wounds to the victim’s neck and arms. The victim sustained an injury when she tried to escape, and she sustained other injuries when the sexual batteries took place. Whether the codefendant inflicted the injuries when Taylor sexually battered the victim or whether Taylor inflicted them when the eodefendant was so engaged is immaterial. In either case, victim injury points should have been assessed. Taylor was a principal when he committed the sexual battery and when he aided or abetted the codefendant in his act of sexual battery. Section 777.011, Florida Statutes (1991), specifically categorizes one who aids or abets as a principal in the first degree. As such, an aider or abettor is properly assessed points for victim injuries. Clifford v. State, 518 So.2d 983 (Fla. 2d DCA) (although defendant was not perpetrator of two counts of sexual battery, since he was principal in the first-degree pursuant to section 777.011, scores for victim injuries were properly assessed), review denied, 525 So.2d 877 (Fla.1988), citing Harris v. State, 513 So.2d 169 (Fla. 5th DCA 1987) (victim injury points properly assessed against defendant because, under felony murder rule and section 777.011, one aiding and abetting commission of crime is to be punished as if he had committed the crime). See also Burns v. State, 584 So.2d 1073 (Fla. 4th DCA 1991); Johnson v. State, 583 So.2d 386 (Fla. 1st DCA 1991).
We find no merit in Taylor’s argument that the conviction for aiding and abetting sexual battery should not have been enhanced from a second-degree felony to a first-degree felony. He contends that the enhancement is an improper double enhancement because the existence of multi- *1019 pie perpetrators is inherent in a charge of aiding and abetting sexual battery. Pursuant to section 777.011, Taylor was a principal in the first degree to a violation of section 794.011. Pursuant to section 777.-011, Taylor “could be charged, convicted, and punished as though he had perpetrated the sexual battery himself.” Clifford, 518 So.2d at 984. Section 794.023 requires enhancement of a second-degree felony to a first-degree felony when acts of sexual battery are committed by more than one person. As a principal in the first degree to the codefendant’s sexual battery, Taylor’s conviction was properly enhanced.
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.