637 So.2d 45 (1994)
STATE of Florida, Appellant,
v.
Reginald Demond WILLIAMS, Appellee.
No. 92-04414.
District Court of Appeal of Florida, Second District.
May 13, 1994.
*46 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellant/cross-appellee.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellee/cross-appellant.
FRANK, Chief Judge.
The state has appealed the downward departure sentence imposed upon Reginald Demond Williams following his convictions for two counts of sexual battery with a deadly weapon, kidnapping, and grand theft. Williams has cross-appealed, contending that the court erred in scoring points for victim injury and in adjudicating him guilty of sexual battery with a deadly weapon. We affirm the convictions but reverse the sentence.
Williams was sentenced to 7 years in Florida State Prison, to be followed by 10 years of probation. The trial court relied in its order upon Williams' age (17) and a minimal prior record as the reasons for departing from the recommended range of 12 to 17 years and the permitted range of 9 to 22 years. His age and prior record, however, without more, cannot support a downward departure. State v. Matlock, 544 So.2d 244 (Fla. 2d DCA 1989). Although age and the lack of prior record can be factors when there are other extraordinary reasons to support downward departure, such as the help of relatives and friends, rehabilitation, and participation in a treatment program, found appropriate in State v. Frinks, 555 So.2d 916 (Fla. 1st DCA 1990), the trial court in this instance made no equivalent findings. Upon remand, Williams must be sentenced within the guidelines. At resentencing, however, the trial court should delete victim injury points from the scoresheet calculations. Nothing in the record indicated that the victim sustained physical injury. See Karchesky v. State, 591 So.2d 930 (Fla. 1992).
Williams also asserts that he should not have been found guilty of sexual battery with a deadly weapon because he neither possessed nor used the weapon during the crime. The record discloses that Williams and his co-defendant, Findley, approached the victim in the parking lot of her apartment complex. The evidence was conflicting as to which of them held the gun when she was forced into her car but it was not disputed that Williams drove the car from the apartment while Findley, holding the gun, forced the victim to perform oral sex, raped her, and fondled her breasts. Williams became a principal in the crime of sexual battery by aiding and abetting Findley. § 777.011, Fla. Stat. (1991); Taylor v. State, 619 So.2d 1017 (Fla. 5th DCA 1993). Williams claims that physical possession of the weapon is a prerequisite for a conviction of this offense. He grounds that contention upon the notion that a minimum mandatory sentence for possession of a firearm after conviction of the crime of robbery cannot be imposed unless the defendant has physically used the gun. The robbery setting, however, is governed by a specific statutory prohibition against the imposition of a minimum mandatory sentence when the crime occurs without a gun. Hence, the analogy fails. § 775.087(2); Poiteer v. State, 627 So.2d 526 (Fla. 2d DCA 1993). In the absence of a special statute to the contrary, Williams was properly convicted and sentenced for the life felony of sexual battery with a deadly weapon based upon his involvement as a principal in the crime.
Affirmed in part; reversed in part; and remanded for resentencing.
PARKER and LAZZARA, JJ., concur.