715 So.2d 1012 (1998)
Scott Alan LADD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3032.
District Court of Appeal of Florida, First District.
July 20, 1998.
Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
*1013 WEBSTER, Judge.
Appellant challenges his convictions, following a jury trial, of one count each of use of a child in a sexual performance and promoting a sexual performance by a child, and two counts of attempted possession of a videotape depicting a sexual performance by a child. He also challenges the sentences imposed. He argues (1) that section 827.071, Florida Statutes (1995), upon which all of the convictions are based, is unconstitutionally vague and irrational as applied to the facts of his case; (2) that the trial court erroneously denied his motion for a judgment of acquittal; (3) that the trial court erroneously gave the jury an instruction requested by the state on the meaning of "performance" as used in section 827.071; and (4) that the trial court erroneously assessed victim injury points for sexual penetration on the sentencing guidelines scoresheet. We affirm.
Viewed in a light most favorable to the state, the evidence presented at trial established the following. In 1996, appellant (who was 22 years old) was dating a 16-year-old girl. While out of the state, appellant wrote letters to the girl which could be interpreted as indicating that appellant wanted to take sexually explicit pictures of her upon his return. In August, after he had returned, appellant, the girlfriend and a third person produced two videotapesone which depicted only the girlfriend engaged in various erotic and sexual acts, including masturbation; and a second which depicted appellant and the girlfriend engaged in various sexual acts, including intercourse. On the videotape that depicted only the girlfriend, appellant's voice could be heard on several occasions, giving directions to either the girlfriend or the person operating the camera. Appellant was later observed putting a videotape into a duffel bag. The videotapes were eventually found in appellant's duffel bag by the girlfriend's sister. They were viewed by the sister and her mother, who took them to the sheriff. There is nothing to suggest that the girlfriend was other than a willing participant in the videotaping.
Appellant was subsequently charged in a four-count amended information. Count one alleged that appellant "did knowing the character and content thereof, employ, authorize, or induce a child less than 18 years of age to engage in a sexual performance ... in violation of Section 827.071, Florida Statutes." Count two alleged that appellant "did knowing the character and content thereof, produce, direct, or promote a sexual performance which included sexual conduct by a child less than 18 years of age, in violation of Section 827.071, Florida Statutes." Counts three and four both alleged that appellant "did knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knew included sexual conduct by a child less than 18 years of age, in violation of Section 827.071, Florida Statutes." To the extent relevant, section 827.071, Florida Statutes (1995), reads:
(1) As used in this section, the following definitions shall apply:
(a) "Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
(b) "Performance" means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
(c) "Promote" means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.
(d) "Sadomasochistic abuse" means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
(e) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.
(f) "Sexual bestiality" means any sexual act between a person and an animal involving *1014 the sex organ of the one and the mouth, anus, or vagina of the other.
(g) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
(h) "Sexual performance" means any performance or part thereof which includes sexual conduct by a child of less than 18 years of age.
(i) "Simulated" means the explicit depiction of conduct set forth in paragraph (g) which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
(2) A person is guilty of the use of a child in a sexual performance if, knowing the character and content thereof, he employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance .... Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
. . . . .
(5) It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. The possession of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense. Whoever violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellant first contends that section 827.071 is unconstitutionally vague and irrational as applied to the facts of his casei.e., the videotaping of sexually explicit acts involving a willing 16-year-old. As the state correctly points out, this argument was not presented below. Because the issue was not presented to the trial court, it may not be raised on appeal. See Trushin v. State, 425 So.2d 1126 (Fla.1982) (one may raise the constitutionality of a statute on its face for the first time on appeal; however, the constitutional application of a statute to a particular set of facts must first be raised in the trial court). Even if the issue has been adequately preserved, however, it is without merit.
Vagueness challenges such as appellant's, which do not involve a First Amendment right, must be examined in light of the facts at hand. State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996), review denied, 695 So.2d 698 (Fla.), cert. denied, ___ U.S. ___, 118 S.Ct. 257, 139 L.Ed.2d 184 (1997). One to whose conduct a statute clearly applies may not successfully challenge it for vagueness. Id. at 637. Appellant's conduct which was the subject of the charges brought against him clearly fell within the proscriptions imposed by section 827.071. Accordingly, his vagueness challenge is without merit.
Appellant argues that it is irrational to prohibit him from videotaping sexual acts involving his 16-year-old girlfriend, with her consent, because, under Florida law, he could not have been prosecuted for actually engaging in sexual relations with her. One apparent difficulty with this argument is that, on the facts of this case, it appears relatively clear that appellant could have been prosecuted for carnal intercourse with an unmarried person younger than 18, in violation of section 794.05, Florida Statutes (1995). (However, appellant probably could not have been prosecuted for such a violation had the acts occurred after October 1, 1996, because *1015 of an amendment to the statute. See ch. 96-409, §§ 1, 9, at 2937, 2941, Laws of Fla.) Moreover, the state clearly has a compelling interest in preventing the sexual exploitation of children as a class. That being so, it would seem that, as Justice Kogan has pointed out, the legislature may select as the age of consent for any particular statute designed to further that compelling interest "any age within a range that bears a clear relationship to the objectives the legislature is advancing." Jones v. State, 640 So.2d 1084, 1090 (Fla.1994) (Kogan, J., concurring). Here, the legislature has chosen 18. We are unable to say that that choice was an unreasonable one, given the obvious goal of the legislation. See Ross v. State, 601 So.2d 1190, 1192 (Fla.1992) ("In gauging a statute's rationality, the question is whether there is any conceivable, plausible reason why it reads as it does"). Accordingly, we conclude that this argument is also without merit.
Appellant next argues that the trial court should have granted his motion for a judgment of acquittal. As the state again correctly points out, this argument was likewise not preserved for review. Although appellant moved for entry of a judgment of acquittal after the state had presented its case-in-chief, he did not renew that motion at the close of all the evidence or by a timely motion for new trial. Florida Rule of Criminal Procedure 3.380(b) provides that, if the defendant introduces any evidence, a motion for judgment of acquittal made at the end of the state's case-in-chief must be renewed at the close of all the evidence; otherwise the motion is waived. See, e.g., State v. Pennington, 534 So.2d 393 (Fla.1988); Morris v. State, 689 So.2d 1275 (Fla. 5th DCA), review granted, 698 So.2d 848 (Fla.1997). Even if the issue has been adequately preserved, however, it is without merit. Our review of the evidence in a light most favorable to the state satisfies us that it was sufficient to permit the jury to reach the verdicts it did.
Appellant next argues that the trial court committed error when it gave to the jury the following instruction requested by the state, explaining the meaning of the word "performance," as used in section 827.071:
Performance means any play, motion picture, photograph or dance or any other visual representation exhibited before an audience.
The making of a motion picture or videotape which includes sexual conduct by a child less than 18 years of age is in and of itself sufficient to constitute performance even though the motion picture or videotape had never been exhibited before an audience. An individual can constitute an audience even if that individual accidentally played the tape and viewed the performance.
We conclude that this issue was also not preserved for review. At trial, appellant objected to the instruction on grounds different from those argued here. See Occhicone v. State, 570 So.2d 902 (Fla.1990) (to preserve an issue for appellate review, the objection in the trial court must have been on the same ground sought to be argued on appeal). Even if the issue was adequately preserved, however, it is without merit. The instruction is consistent with the evidence presented and correctly states the law. The first paragraph is taken directly from section 827.071(1)(b), and the second paragraph is based upon the decisions in Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990), modified on other grounds, 590 So.2d 404 (Fla.1991), and Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1990), disapproved on other grounds in Wilson v. State, 635 So.2d 16 (Fla.1994).
Finally, appellant contends that the trial court erroneously assessed victim injury points based on sexual penetration for purposes of the sentencing guidelines scoresheet because sexual penetration was not a direct result of any of the offenses charged. We disagree.
Section 921.0011(7), Florida Statutes (1995), reads:
"Victim injury" means the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense. If the conviction is for an offense involving sexual contact which includes sexual penetration, *1016 the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored as a moderate injury regardless of whether there is evidence of any physical injury. If the victim of an offense involving sexual contact suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.
(Emphasis added.) Appellant was convicted of one count each of use of a child in a sexual performance and promoting a sexual performance by a child, in violation of section 827.071(2) and (3), respectively. For purposes of both subsections, "sexual performance" is defined as "any performance or part thereof which includes sexual conduct by a child of less than 18 years of age." "Sexual conduct" is, in turn, defined as including "actual ... sexual intercourse." Therefore, it is clear that sexual penetration (and, thus, victim injury) can be a direct result of an offense proscribed by section 827.071(2) or (3). The trial court expressly found that one of the videotapes included a depiction of appellant and his girlfriend engaged in sexual intercourse involving actual sexual penetration, and the evidence is consistent with that finding. Accordingly, the trial court was justified in assessing points for victim injury.
Based upon the foregoing analysis, the challenged actions of the trial court are affirmed.
AFFIRMED.
LAWRENCE, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.