896 So.2d 873 (2005)
Charles Michael McMILLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-970.
District Court of Appeal of Florida, Second District.
February 25, 2005.
Rehearing Denied March 31, 2005.
*874 James Marion Moorman, Public Defender, and Sarah E. Warren, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Charles McMillan appeals his conviction and sentence for promoting a sexual performance by a child, in violation of section 827.071(3), Florida Statutes (1999). We affirm the conviction but reverse and remand for resentencing.
McMillan argues first that the trial court erred in denying his motion for a continuance charged to the State. We conclude that the trial court did not abuse its discretion in denying the motion and, therefore, affirm the conviction.
McMillan argues next that the trial court erred by including victim injury points for sexual penetration on the criminal punishment code scoresheet. Section 921.0021(7)(a), Florida Statutes (1999), defines victim injury as "the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense."
In ruling that it was necessary to include the points, the trial court relied on Ladd v. State, 715 So.2d 1012 (Fla. 1st DCA 1998), in which the First District upheld the inclusion of penetration points for the crime of promoting a sexual performance. McMillan argues that Ladd is distinguishable because in that case the defendant himself engaged in sexual intercourse with the minor child, who was the defendant's girlfriend. Here, however, McMillan was not shown to have had any physical contact with the child involved in the sexual performance. McMillan was shown to have directed the videotaping of a sexual performance involving a sixteen-year-old girl engaging in sexual acts with another individual.
The State argues that because McMillan directed the minor's actions, points for sexual penetration were properly scored even though McMillan did not engage in the sexual penetration himself. For this proposition, the State cites Clifford v. State, 518 So.2d 983 (Fla. 2d DCA 1988). In Clifford, the defendant was tried as a principal for aiding and abetting in two sexual batteries and given victim injury points although someone other than the defendant actually perpetrated the offenses. The court noted that under section 777.011, the statute governing punishment for a principal, Clifford could be punished as though he had perpetrated the sexual *875 batteries himself. 518 So.2d at 984. Here, in contrast, McMillan is not charged with a crime that is by statute punishable as though he actually engaged in the performance. Given the facts in this case, we agree with McMillan that the physical injury suffered by the child was not a direct result of the offense. We, therefore, reverse the sentence and remand for resentencing with a corrected scoresheet that omits the eighty points for sexual penetration.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, C.J., and VILLANTI, J., concur.