997 So.2d 1161 (2008)
Luis DELGADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-702.
District Court of Appeal of Florida, Third District.
December 3, 2008.
*1162 Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.
Before RAMIREZ and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.

ON MOTION FOR REHEARING
RAMIREZ, J.
On the State's motion for rehearing, we grant the motion, withdraw the opinion rendered on January 30, 2008, and substitute the following in its place. Luis Delgado appeals the denial of his motion under Florida Rule of Criminal Procedure 3.800(a), alleging that the State incorrectly calculated his scoresheet points resulting in a sentence greater than allowed by law. Although the State concedes that some points were assessed improperly, the total points still have Delgado's sentence falling within the category of a life sentence. Thus, the trial court properly denied his motion.
Delgado, his brother, Wilfredo Delgado, and a third co-defendant, Angel Medina, were convicted of twelve felony counts arising out of a single home invasion robbery, involving multiple victims. The trial court sentenced Delgado to life in prison on February 21, 1989. His scoresheet totaled 518 points and notes one departure reason, the "sophisticated, professional, organized, planned" manner in which the crimes were carried out. The total points placed Delgado in the "life" range on the scoresheet. If he had scored between 471 and 506 points, he would have been in the twenty-seven to forty year range. In his 3.800(a) motion, Delgado argued that: (1) his scoresheet reflects an incorrect calculation because first degree and second degree felonies were counted; (2) victim injury points were illegally assessed; and (3) the departure reason was invalid and this resulted in a sentence beyond the legal limit.
First, Delgado raised purely legal issues in his 3.800(a) motion regarding his sentencing, which may be resolved by consulting court records and which, taken together, show that the terms of his sentence are impermissible as a matter of law. See Carter v. State, 786 So.2d 1173, 1180 (Fla. 2001) (concluding that because the error in sentencing Carter as a habitual offender for a life felony was apparent on the face of the record, Carter was entitled to relief pursuant to rule 3.800(a)). Florida Rule of Criminal Procedure 3.800(a) provides that a court: "[M]ay at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet ... when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief...." (emphasis added). The State concedes, and we acknowledge, that it improperly scored Delgado a net of seven additional points when it miscounted the number of first and second degree felonies. By subtracting seven points, his total is reduced to 511 points.
Second, Delgado argues that the trial court improperly allowed eight victim *1163 injury points for alleged victim Jose Luis Goyriena, although the charging document never accused Delgado of any crime against the person of Goyriena. Erroneous assessment of victim injury points is cognizable in a 3.800(a) motion and can be raised at any time as long as the error is discernible from the face of the record. See Chapman v. State, 885 So.2d 475, 476-77 (Fla. 5th DCA 2004); Daum v. State, 544 So.2d 1035, 1036 (Fla. 2d DCA 1989). Here, the information did not allege injury to Goyriena. The issue then is whether the State can assess the eight victim injury points as to Goyriena. We will assume for the purpose of this opinion that this issue is cognizable by a motion pursuant to rule 3.800(a).
The rule in Florida is that "where the victim injury which is the basis for the assessment of sentencing points is not an elementor the functional equivalent of an elementof the offense and thus not part of the essential facts constituting the offense charged, the victim injury need not be alleged in the information." Rogers v. State, 963 So.2d 328, 336 (Fla. 2d DCA 2007) (holding that even though penetration was not charged in the information, points could be assessed for penetration because it was not an element, or the functional equivalent of an element, of offense of lewd and lascivious battery); see also Ladd v. State, 715 So.2d 1012 (Fla. 1st DCA 1998) (holding that victim injury points for penetration were properly assessed although penetration was not an element of the offenses for which the defendant was convicted). We thus reject the argument that the trial court improperly assessed eight points for victim injury to Goyriena.
Because Delgado was properly assessed 511 points, he still falls within the recommended range of a life sentence. Accordingly, we affirm the trial court's denial of his 3.800(a) motion.
Affirmed.