TAYLOR, J.
 

 The issue in this appeal is whether the trial court erred in applying the 1.5 multiplier for the presence of a child under sixteen when sentencing the defendant for domestic aggravated battery, where the information failed to set forth the facts or statutory authority for such sentence enhancement. We find no error and affirm.
 

 During the evening hours of February 13, 2006, Cassandra Krause entered her neighbors’ house through their laundry room and screamed for help. Her neighbors, Laurie and George Hussar, saw that Cassandra’s mouth was swollen, her shirt was stained with blood, and her left arm was injured. She was hysterical and crying. Cassandra told Laurie that the defendant, who was her boyfriend and the father of her children, had hit her. She also complained that the children were in the house at the time. Laurie promptly called 911.
 

 George went to check on the children and saw Cassandra’s car heading down the street. He followed the car for several miles to make sure the children were not in the car and called the police. After determining the kids were not in the car, George returned home to find an ambulance taking Cassandra to the hospital.
 

 Deputy Lerner testified that he responded to Laurie’s 911 call and that Cassandra was distraught and visibly shaken when he met with her. She had blood on her face and was clutching her red and swollen arm while she screamed and cried. Cassandra told the deputy that the defendant, her live-in boyfriend, beat her, threatened to kill her, and then fled the residence and stole her vehicle.
 

 The defendant was charged by information with domestic aggravated battery (Count I) and domestic aggravated assault with a deadly weapon (Count II). Count I cited the applicable aggravated battery statute, section 784.045(l)(a)l and 2, Florida Statutes (2006), but it made no statutory or factual references regarding the defendant’s commission of the aggravated battery in the presence of a child.
 

 At trial, Cassandra testified that on the day of the incident she and the defendant had gotten into an argument. While she was seated in a chair, the defendant came up to her and started hitting her in the head with his fists. Next, he threw a shoe at her, striking her in the head. He repeatedly hit her until she fell to the floor and then kicked her. When Cassandra tried to get away from the defendant, he followed her to the other side of the house, pushed her, and continued to beat her. The defendant repeatedly threatened to kill Cassandra. Although she could not recall at trial whether he had a knife, in earlier statements made shortly after the
 
 *110
 
 incident, she said that he grabbed a knife from the kitchen and said he was going to slit her throat with it. The defendant forced Cassandra to clean up the blood from the floor, and she eventually fled to her neighbors’ house.
 

 Cassandra’s three-year-old son and four-month-old daughter were in the house at the time of the attack. Cassandra was struck in front of the infant, who was seated in a carrier on top of the kitchen counter. Deputy Lerner confirmed that after speaking with Cassandra, he went over to her house, where he found the children alone. One child was in a carrier on top of the kitchen counter, and the other child was asleep in his bedroom.
 

 The jury found the defendant guilty as charged of aggravated battery, and guilty of assault, a lesser included offense of domestic aggravated assault. The jury also made a finding on a verdict interrogatory that the battery and assault occurred in the presence of a child under sixteen years of age.
 

 According to the Criminal Punishment Code (CPC) scoresheet, the defendant’s sentencing points totaled 77. The state requested that an aggravator of 1.5 be applied to the defendant’s sentence because the offenses occurred in front of children. After the 1.5 multiplier for domestic violence was applied, the total points increased to 115.5. This resulted in the lowest permissible prison sentence of 65.625 months. The trial court sentenced the defendant to time served on the assault count. On the aggravated battery count, the trial court utilized the multiplier and sentenced the defendant to eight years in prison with credit for time served. The defendant filed a Rule 3.800(b)(2) motion to correct sentencing error, which we deem denied in the absence of a timely ruling on the motion.
 

 The defendant argues that, because the state failed to plead the sentencing enhancement in the criminal information, his due process rights were violated when the trial judge utilized the enhancement during sentencing. The state correctly counters that “not every fact with a bearing on sentencing must be alleged in the charging document”; instead, the charged facts must only make the defendant aware of the heaviest punishment he may face. The state further points out that “the presence of a child under the age of sixteen” was not an element of the offense, and thus did not need to be alleged in the information.
 

 Under Florida Rule of Criminal Procedure 3.704(d) (28) (2006),
 

 [i]f the primary offense is a crime of domestic violence as defined in section 741.28, Florida Statutes, which was committed in the presence of a child under 16 years of age who is a family household member as defined in section 741.28(2) with the victim or perpetrator, the subtotal sentence points are multiplied by 1.5.
 

 “Domestic violence” means any assault or aggravated battery “resulting in physical injury or death of one family or household member by another family or household member.” § 741.28(2), Fla. Stat. A “family or household member” includes “persons who are parents of a child in common regardless of whether they have been married.” § 741.28(3), Fla. Stat. (2006).
 

 The purpose of a criminal information is “to fairly apprise defendant of the offense with which he is charged.”
 
 Leeman v. State,
 
 357 So.2d 703, 705 (Fla. 1978) (citation omitted). Additionally, “[a]n information must allege each of the essential elements of a crime to be valid.”
 
 State v. Dye,
 
 346 So.2d 538, 541 (Fla.1977). As the Second District explained:
 

 
 *111
 
 It remains true — and of salient significance for the instant case — that “not all facts affecting the defendant’s punishment are elements,” and therefore that not “every fact with a bearing on sentencing must be found by a jury,” or alleged in the charging instrument.
 

 Rogers v. State,
 
 963 So.2d 328, 334-35 (Fla. 2d DCA 2007) (quoting
 
 Harris v. United States,
 
 536 U.S. 545, 549, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) and
 
 Jones v. United States,
 
 526 U.S. 227, 248, 119 S.Ct. 1215,143 L.Ed.2d 311 (1999)).
 

 In support of his contention that the information should have included the facts necessary to sentence him with the domestic violence multiplier, the defendant cites
 
 Inmon v. State,
 
 932 So.2d 518 (Fla. 4th DCA 2006) (holding that reference in the information to the statute authorizing twenty-year minimum mandatory sentence was insufficient to provide notice to defendant that he was charged with discharge of a firearm where information alleged only that defendant “carried” a firearm, and statute also contained other provisions, including ten-year minimum mandatory sentence for possession of a firearm).
 

 Inmon,
 
 however, involved sentencing under the 10/20/life statute, section 775.087(2), Florida Statutes, and is distinguishable from this case because “[t]he factors relevant to sentencing under various versions of section 775.087(2) have been treated as ‘essential elements’ ” of the crime charged.
 
 Rogers,
 
 963 So.2d at 335 (citing
 
 Jackson v. State,
 
 852 So.2d 941, 943 (Fla. 4th DCA 2003)). As we explained in
 
 Inmon,
 
 possessing a firearm carries a different mandatory sentence than discharging a firearm. Thus, how the gun was used during the commission of a crime is an essential element of the crime under the statute.
 

 Here, the defendant was charged with domestic aggravated battery in violation of section 784.045(l)(a), Florida Statutes. A review of that statute shows that the presence of a child under the age of sixteen is not an element of the offense or a part of the essential facts constituting the charged offense. It is a sentencing factor, rather than an element of the crime, which did not increase the penalty for the crime beyond the prescribed statutory maximum and, as such, did not need to be alleged in the information. As the
 
 Harris
 
 Court explained:
 

 Yet not all facts affecting the defendant’s punishment are elements. After the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed. Though these facts may have a substantial impact on the sentence, they are not elements.
 

 Harris,
 
 536 U.S at 549,122 S.Ct. 2406.
 

 Applying the domestic violence multiplier is akin to assessing victim injury points on CPC scoresheets. It is well-settled, for instance, that penetration need not be alleged in the information charging lewd and lascivious battery in order to enhance a sentence with victim injury points; penetration is not an element or functional equivalent of an element of that offense.
 
 Rogers,
 
 963 So.2d at 336. Rather, penetration is a “circumstance” that supports the imposition of a sentence within the statutory range and authorized by a jury finding.
 
 Id.
 
 Similarly, the presence of a child is not an element but a circumstance which permits a greater sentence within the statutory range. The information set forth all the essential elements for aggravated battery and, thus, satisfied due process notice requirements by making the defendant “aware of the ‘heaviest punishment’ ” he faced if convicted.
 
 See Harris,
 
 536 U.S at 562,122 S.Ct. 2406.
 

 
 *112
 
 Because the trial court properly considered the domestic violence multiplier when determining the defendant’s guidelines sentence range and sentenced the defendant within the fifteen-year statutory maximum for aggravated battery, we affirm the sentence imposed.
 

 Ajfirmed.
 

 HAZOURI, J., and BEACH, MARCIA, Associate Judge, concur.