WILLIAM PRYOR, Circuit Judge:
This appeal requires us to decide whether Clifford Gandy Jr.'s prior conviction for battery of a jail detainee, Fla. Stat. §§ 784.03, 784.082, qualifies as a "crime of violence" under the Sentencing Guidelines. Gandy was convicted of possession with intent to distribute cocaine and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(C)-(D), possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon, id. §§ 922(g)(1), 924(a)(2). Based on Gandy's prior convictions for battery and a controlled-substance offense, the district court classified him as a career offender. United States Sentencing Guidelines Manual § 4B1.1(a) (Nov. 2016). The district court then calculated Gandy's sentencing range as 360 months to life imprisonment and varied downward to impose a 300-month sentence of imprisonment. Gandy contends that his prior conviction for battery is not a crime of violence under the Guidelines. He argues that Florida battery is divisible only between "touching and striking" and "intentionally causing bodily harm," and that, under the modified categorical approach, we cannot determine that he was convicted of "intentionally causing bodily harm." Because the record makes clear that Gandy's conviction for battery necessarily was for "intentionally causing bodily harm," we affirm.
I. BACKGROUND
In June 2016, a grand jury indicted Gandy for possession with intent to distribute cocaine and marijuana, *1336 21 U.S.C. § 841(a)(1), (b)(1)(C)-(D) (Count 1); possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and possession of a firearm by a convicted felon, id. §§ 922(g)(1), 924(a)(2) (Count 3). After a two-day trial, the jury convicted Gandy on all counts. The district court then scheduled a sentencing hearing, and the probation officer prepared Gandy's presentence investigation report.
The probation officer classified Gandy as a career offender based on three prior felony convictions: a 2010 nolo contendere plea for battery upon a detainee, Fla. Stat. §§ 784.03, 784.082 ; a 2012 nolo contendere plea for felony battery; and a 2013 nolo contendere plea for the sale, manufacture, delivery, or possession of a controlled substance with intent to sell. See U.S.S.G. § 4B1.1(a). This classification subjected Gandy to the increased sentencing ranges that apply to career offenders with multiple counts of conviction one of which is possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). See U.S.S.G. § 4B1.1(b)-(c). The probation officer calculated that Gandy's total sentencing range was 360 months to life imprisonment.
Gandy objected to his classification as a career offender on the ground that his battery convictions were not crimes of violence. He asserted that our decision in United States v. Green (Green I) , 842 F.3d 1299 (11th Cir. 2016), opinion vacated and superseded on denial of reh'g , 873 F.3d 846 (11th Cir. 2017), was wrongly decided and that striking and touching for Florida battery, Fla. Stat. § 784.03, are not divisible. And Gandy argued, based on Descamps v. United States , 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), that no documents could be used to determine whether his battery convictions qualified as crimes of violence under the modified categorical approach. See Shepard v. United States , 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Gandy calculated that his total sentencing range should be 144 to 165 months' imprisonment.
The government responded that Gandy's battery convictions constituted crimes of violence based on Green I . In Green I , we explained that the Florida simple battery statute is divisible between "touching," "striking," and "intentionally causing bodily harm" battery, and that a court should use the modified categorical approach and consult Shepard -approved documents to decide which elements of battery a conviction was based on. 842 F.3d at 1322. And we held that if Shepard documents establish that a defendant was convicted of the "striking" element as opposed to the "touching" element of simple battery, then the conviction qualifies as a predicate "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Id.
With respect to the 2010 conviction, the government submitted four Shepard documents. First, the government submitted a charging document that stated that Gandy committed a battery upon a jail detainee "by actually and intentionally touching or striking [the victim] ... or by intentionally causing bodily harm to [the victim,] by hitting the victim in the face and head," in violation of Fla. Stat. §§ 784.03, 784.082.
Second, the government submitted Gandy's sentence-recommendation form, which is the equivalent of his plea agreement. The sentence recommendation reflects that Gandy pleaded nolo contendere to "Battery Upon a Jail Visitor or Other Detainee." The sentence recommendation, which Gandy and his state-court counsel signed, also includes the following factual basis:
*1337 FACTUAL BASIS: The arrest report ... which is a part of the court record filed with the clerk of the court is hereby incorporated by reference and agreed to by the defendant as a factual basis for this plea and/or the factual basis is as follows:
...
On December 11, 2010, deputies responded to the Red Pod in the Escambia County Jail and observed victim Clunion Galloway laying on the floor and bleeding. Victim Galloway stated that he was playing cards with other inmates when he was hit from behind. Victim Galloway did not see who the attacker was.
Video surveillance was reviewed and shows the defendant approached the victim and str[uck] him in the head multiple times causing the victim to fall to the ground. The video then shows the defendant continuing to strike the victim on the ground. The video does not show any provocation.
Gov. Ex. A at 5, United States v. Gandy , No. 3:16-cr-00055-MCR-1 (N.D. Fla. Dec. 9, 2016), ECF No. 58-1 (emphasis altered).
Third, the government submitted the arrest report that Gandy expressly incorporated as the factual basis for his plea. The arrest report includes the following statement of probable cause:
On 12/11/2010 ... Clifford Gandy, Jr did knowingly and intentionally commit the offense of Battery Causing Bodily Harm , as follows.
On 12/12/10, I was dispatched to [the jail] in reference to a battery complaint. Upon arrival, I made contact with Sergeant Bullion ... who stated that at approximately 2135 hours on 12/11/2010 an inmate attacked another inmate. Sergeant Bullion provided me with their incident report .... The report stated that Deputy Frymire ... responded to the Red Pod where he observed V/Clunion Galloway lying on the floor and bleeding. V/Galloway told Deputy Frymire that he was playing cards when someone hit him from behind. V/Galloway stated that he did not see who hit him. V/Galloway was transported to the Infirmary where he was treated by medical staff. Deputy Frymire stated that S/Clifford Gandy later admitted to hitting V/Galloway. S/Gandy was also escorted to the Infirmary where he was seen by medical staff.
I was advised by Sergeant Bullion that V/Galloway wished to pursue criminal charges, and he also advised me that there was a video of the incident. Sergeant Buillion played the video for me at which time I observed V/Galloway playing cards. I could then clearly see S/Gandy walk up behind V/Galloway and unprovokedly str[ike] V/Galloway in the face which caused V/Galloway to fall down to the ground. S/Gandy then continued to strike V/Galloway multiple times on the head. ... Sergeant Bullion took photographs of V/Galloway's injuries which he provided to me. ... V/Galloway had a cut below his right eye, a scratch below his right ear, a bruise on the top of his head, a minor cut on his nose and a cut above his left eye.
S/Gandy was charged with battery causing bodily harm .
Id. at 11-12 (emphasis added). The report also lists the charge as "Battery Caus[ing] Bodily Harm," and it refers exclusively to the subsection of the statute that Gandy violated as section 784.03(1)(a)(2), which addresses "intentionally causing bodily harm."
*1338 Fourth, the government submitted the state-court judgment. The judgment states that Gandy pleaded nolo contendere to "battery upon a jail visitor or other detainee," in violation of sections 784.03 and 784.082.
In January 2017, the district court entered an order continuing Gandy's sentencing. The court was inclined to agree with Gandy that section 784.03 is not divisible between "touching" and "striking" elements, but it explained that it was "clearly" bound by Green I . The court also mentioned that it hoped that the issue of the divisibility of the Florida battery statute would be resolved in the then-pending appeal in United States v. Vail-Bailon , No. 15-10351 (11th Cir.). Gandy's sentencing was then rescheduled for after we decided that appeal. In August 2017, we issued our opinion in Vail-Bailon that felony battery under Fla. Stat. § 784.041 categorically qualifies as a crime of violence under the Sentencing Guidelines. United States v. Vail-Bailon , 868 F.3d 1293, 1308 (11th Cir. 2017) (en banc). After our ruling, the district court rescheduled Gandy's sentencing hearing for September 2017.
At his sentencing hearing, Gandy renewed his objection to the career-offender designation. The district court explained that Green I remained binding precedent even after Vail-Bailon . The district court then overruled the objection.
After that ruling, the government requested and was granted the opportunity to further explain its position. The government first conceded that Gandy's 2012 battery conviction did not qualify as a crime of violence under the career-offender guideline. But the government maintained that Gandy was correctly designated a career offender because the 2010 conviction of battery of a detainee qualified as a crime of violence because it constituted "striking" battery under Green I .
The government also advanced an alternative argument: even if Green I was wrong about the divisibility of Florida battery, Gandy's battery conviction would still qualify as a crime of violence because battery would still be divisible between "touching and striking" and "intentionally causing bodily harm," and the Shepard documents leave "no doubt" that Gandy pleaded to "intentionally causing bodily harm." Gandy responded that a conviction for bodily-harm battery does not require proof of violent force, as required under Johnson v. United States (Curtis Johnson) , 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). According to Gandy, one could intentionally cause bodily harm by, for example, "digging a hole and putting a blanket over it or loosening someone's tires," and this would not meet the requirement of the use of violent force. The court never addressed the government's alternative argument.
The court varied downward from the Guidelines range of 360 months to life imprisonment and imposed a 300-month sentence of imprisonment. One week later, we vacated Green I and issued a superseding opinion that did not address the divisibility of Florida simple battery. See United States v. Green (Green II) , 873 F.3d 846 (11th Cir. 2017). Gandy then filed his appeal.
II. STANDARD OF REVIEW
We review de novo whether a battery conviction qualifies as a crime of violence under the Sentencing Guidelines. Vail-Bailon , 868 F.3d at 1296.
III. DISCUSSION
Gandy argues that the district court erred when it classified him as a *1339 career offender on the ground that his 2010 conviction for battery of a detainee was a crime of violence. To be classified as a career offender, Gandy must have at least two prior felony convictions for crimes of violence or controlled-substance offenses. U.S.S.G § 4B1.1(a). A "crime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 4B1.2(a)(1). The Supreme Court has defined physical force as "violent force-that is, force capable of causing physical pain or injury to another person." Curtis Johnson , 559 U.S. at 140, 130 S.Ct. 1265. Because there is no dispute that, for purposes of Gandy's career-offender designation, his conviction for a controlled-substance offense is a predicate offense and that his 2012 battery conviction is not, only the status of Gandy's 2010 battery conviction is at issue.
Gandy was convicted in 2010 under two statutes, Fla. Stat. §§ 784.03, 784.082. Section 784.03 defines the offense of simple battery:
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
Fla. Stat. § 784.03(1)(a). Although simple battery is ordinarily a misdemeanor, battery of a jail detainee is classified as felony under another statute. Fla. Stat. § 784.082(3).
Because section 784.03 does not define a crime of violence under the categorical approach, see Curtis Johnson , 559 U.S. at 138-40, 130 S.Ct. 1265, we must decide whether the modified categorical approach allows us to conclude that Gandy's conviction qualifies. We may apply the modified categorical approach when the statute is divisible-that is, it "define[s] multiple crimes"-and a limited class of documents, often called Shepard documents, are available to determine "what crime, with what elements, a defendant was convicted of." Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016). Shepard documents may include the charging document, any plea agreement submitted to the court, the transcript of the plea colloquy, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." Shepard , 544 U.S. at 20-21, 26, 125 S.Ct. 1254.
The parties agree that the battery conviction cannot be classified as a crime of violence for "striking" battery because section 784.03 is only divisible between "touching or striking" battery and "intentionally causing bodily harm" battery. The parties also agree that "touching or striking" battery does not constitute a crime of violence. But the government argues that because Gandy necessarily pleaded to "bodily harm" battery, his conviction still qualifies as a crime of violence.
Because we agree with the government that we can determine that Gandy was necessarily convicted of "intentionally causing bodily harm," which qualifies as a crime of violence, we need not decide whether "touching" and "striking" are divisible or whether Gandy's conviction would qualify as "striking" battery. The parties do not dispute, and we agree, that the Florida statute is divisible and that battery by "intentionally causing bodily harm" is a separate element of the offense.
Battery by "intentionally causing bodily harm" categorically constitutes a *1340 crime of violence. Bodily-harm battery is proved by establishing two elements: the defendant caused bodily harm to another person, and he did so intentionally. See Fla. Stat. § 784.03(1)(a)(2). Although, under Florida law, bodily harm is broadly defined to encompass any "slight, trivial, or moderate harm" to a victim, see Brown v. State , 86 So.3d 569, 571-72 (Fla. Dist. Ct. App. 2012), and Florida courts have applied the term to a wide range of physical injuries, see, e.g. , Gordon v. State , 126 So.3d 292, 295-96, 296 n.4 (Fla. Dist. Ct. App. 2011) (bruises); C.A.C. v. State , 771 So.2d 1261, 1262 (Fla. Dist. Ct. App. 2000) (scratches, swelling, and puncture marks), all of these injuries satisfy Curtis Johnson 's definition of violent force. See Curtis Johnson , 559 U.S. at 143, 130 S.Ct. 1265 (explaining that violent force "might consist ... of only that degree of force necessary to inflict pain-a slap in the face, for example"). A defendant convicted of bodily-harm battery must have intentionally used "force capable of causing physical pain or injury to another person," id. at 140, 130 S.Ct. 1265, so bodily-harm battery necessarily constitutes a crime of violence.
We next look to the Shepard documents for Gandy's battery conviction to determine whether he was necessarily convicted of intentionally causing bodily harm. See Shepard , 544 U.S. at 21, 125 S.Ct. 1254 (explaining that the question is "whether the plea had 'necessarily' rested on the fact identifying the [offense]" as a predicate). The Supreme Court has repeatedly stressed that there is a "demand for certainty" in determining whether a defendant was convicted of a qualifying offense. See Mathis , 136 S.Ct. at 2257 ; see Descamps , 570 U.S. at 272, 133 S.Ct. 2276 (asking whether the defendant "necessarily" committed the qualifying crime); Shepard , 544 U.S. at 21, 125 S.Ct. 1254 (referring to " Taylor 's demand for certainty"); Taylor v. United States , 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). As a result, we may conclude that Gandy was convicted of a qualifying offense only if the Shepard documents "speak plainly" in establishing the elements of his conviction. Mathis , 136 S.Ct. at 2257.
Although the charging document, the judgment, and Gandy's sentence recommendation do not identify which crime within section 784.03 he was convicted of committing, the incorporated arrest report clearly identifies his offense as bodily harm battery. To be sure, we ordinarily do not rely on police reports under the modified categorical approach because a defendant ordinarily does not admit the conduct described in them. United States v. Rosales-Bruno , 676 F.3d 1017, 1021 (11th Cir. 2012). But an arrest report that is incorporated by reference in a plea agreement qualifies as a "record of comparable findings of fact adopted by the defendant upon entering the plea" that we may consider. Shepard , 544 U.S. at 20, 125 S.Ct. 1254 ; see United States v. Diaz-Calderone , 716 F.3d 1345, 1349-50 (11th Cir. 2013) (holding that a district court may rely on arrest reports if the defendant acknowledges his guilt and implicitly affirms the truth of the arrest report during a plea colloquy).
The incorporated arrest report "speaks plainly" that Gandy's offense was bodily-harm battery. The report begins by listing the charge as "Battery Caus[ing] Bodily Harm," and it refers exclusively to the subsection of the Florida simple battery that Gandy violated as section 784.03(1)(a)(2), the "bodily harm" subsection. The report then alleges in its statement of probable cause that "[o]n 12/11/2010 ... [Gandy] did knowingly and *1341 intentionally commit the offense of Battery Causing Bodily Harm ." It next describes how Gandy attacked his fellow inmate and caused him to suffer a variety of injuries, such as bruising and cuts around the face and head. At the conclusion of the statement of probable cause, the report again lists the charge as "battery causing bodily harm." The arrest report never mentions "touching or striking" battery, nor does it cite the subsection for that type of battery. So the arrest report unambiguously identifies Gandy's offense as bodily harm battery. Because Gandy agreed to this description of his offense, he necessarily pleaded nolo contendere to bodily harm battery.
At oral argument, Gandy argued that we cannot rely on the statements identifying his offense as bodily harm battery because these statements are "legal conclusions." He argued that by agreeing to the police report as the factual basis of his plea, he only agreed to the report's "factual allegations." We disagree.
Florida law requires a factual basis for a plea to ensure "that the facts of the case fit the offense with which the defendant is charged." Allen v. State , 876 So.2d 737, 740 (Fla. Dist. Ct. App. 2004) (citation omitted). Because a factual basis is used to compare the factual allegations with the elements of the offense of conviction, see Williams v. State , 316 So.2d 267, 273 (Fla. 1975), a factual basis often includes both legal and factual elements so that the comparison between the two may be made explicit. Although we agree with Gandy that a factual basis consists primarily of factual information, see Dydek v. State , 400 So.2d 1255, 1257 (Fla. Dist. Ct. App. 1981) (explaining that "the trial court must receive in the record factual information to establish the offense to which the defendant has entered his plea" (emphasis added)), we do not agree that a factual basis excludes all legal conclusions. Our review of Florida caselaw reveals that the factual bases for guilty or nolo pleas often include legal descriptions of the elements or offenses that are established by the factual allegations. See, e.g. , Johnson v. State , 22 So.3d 840, 843 (Fla. Dist. Ct. App. 2009) (explaining that prosecutor's statement of the factual basis for a plea, to which the defendant did not object, included the statement that at "some point between November 15, 2005, and November 27, 2005, Johnson knowingly conspired to sell, purchase, manufacture, deliver, or traffic four grams or more of oxycodone"); Toson v. State , 864 So.2d 552, 554 (Fla. Dist. Ct. App. 2004) (including in the factual basis a statement that "the defendant did knowingly enter a dwelling ... with the intent to commit an offense therein"); Hayden v. State , 833 So.2d 275, 276 (Fla. Dist. Ct. App. 2002) (providing a factual basis for a defendant who pleaded nolo contendere to the offense of robbery with a firearm and a mask that included the statement that "[o]n December 22nd, Marcus Hayden and Dantrell Riley, with a gun and masks ... committed a robbery"). And Gandy cites no authority supporting his restrictive view of what constitutes a factual basis under Florida law.
We conclude that because Gandy agreed to the arrest report as the factual basis of his plea without qualification, he agreed with the statements describing his offense as bodily-harm battery and that he necessarily pleaded nolo contendere to that offense. And our conclusion is consistent with that of the only other Circuit that has addressed whether a defendant's agreement to a police report as a factual basis includes his agreement to the report's *1342 description of his offense. See United States v. Almazan-Becerra , 537 F.3d 1094, 1096, 1099 (9th Cir. 2008) (explaining that where police reports were incorporated as the factual basis of the defendant's plea and described the offense as "sales of marijuana," it established that a defendant who had pleaded guilty to a disjunctive indictment was necessarily convicted of the sale of marijuana as opposed to mere transportation of marijuana).
Gandy argues that we cannot conclude that he was convicted of bodily harm battery in the absence of an amendment to the charging document that narrows the elements of his conviction, but we disagree. What matters under the modified categorical approach is not the offense charged, but what elements the government proved or the defendant admitted committing. Although a charging document is one possible Shepard document that we may consult, it is not the only document. When a charging document contains multiple alternative elements from the same divisible statute and the judgment does not specify which elements were proved or admitted, we may still determine the elements by consulting other Shepard documents. For example, in Diaz-Calderon , the defendant pleaded nolo contendere to an information charging that he "did intentionally touch or strike the victim against that person's will or did intentionally cause bodily harm to said person." 716 F.3d at 1348 (alteration adopted) (emphasis added). We determined the basis for the conviction by looking to the factual basis for the plea, which included arrest affidavits, and the plea colloquy. Id. at 1349-50. Because the Shepard documents establish that Gandy admitted committing bodily-harm battery, we reject his argument.
Gandy also contends that we may not rely on the factual basis included in his sentence recommendation because, in entering his nolo contendere plea, he only "acknowledged that the evidence would be sufficient to support a judgment of conviction under Fla. Stat. § 784.03." But we have repeatedly explained that we treat Florida nolo convictions no differently than convictions based on guilty pleas or verdicts of guilt for purposes of the Sentencing Guidelines. See Green II , 873 F.3d at 860 (collecting decisions); see also United States v. Drayton , 113 F.3d 1191, 1193 (11th Cir. 1997) (holding that a Florida nolo conviction constitutes a prior conviction for purposes of the Armed Career Criminal Act). Gandy's argument that we may not consult the factual basis of his nolo plea has no merit.
Gandy also argues that we cannot rely on the factual basis in the arrest report because, absent a plea colloquy, we cannot determine either that the state court found a factual basis to support the nolo contendere plea or that it specifically relied on the factual basis as stated in the arrest report. As we understand it, Gandy's argument suggests that we cannot apply the modified categorical approach unless we have a plea colloquy, as there could always be some question about whether the elements of the conviction stated in a particular Shepard document were actually relied upon by the court in accepting the plea. But a plea colloquy is only one of several Shepard -approved documents, and we are aware of no authority suggesting that the absence of a plea colloquy bars consideration of other Shepard documents.
Gandy also renews his argument from the district court that bodily-harm battery does not satisfy the definition of a crime of violence because one may cause *1343 bodily injury indirectly, such as by "digging a hole and putting a blanket over it or loosening someone's tires." This argument fails because we have held that "[w]hen a statute requires the use of force 'capable of causing physical pain or injury to another person,' whether that use of force 'occurs indirectly, rather than directly (as with a kick or punch), does not matter.' " United States v. Deshazior , 882 F.3d 1352, 1357 (11th Cir. 2018) (citation omitted) (quoting United States v. Castleman , 572 U.S. 157, 171, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014) ).
Gandy was convicted of battery of a jail detainee by intentionally causing bodily harm. His prior conviction constitutes a crime of violence under the Sentencing Guidelines. U.S.S.G. § 4B1.2(a)(1). So he has two qualifying predicate offenses for purposes of his career-offender designation. U.S.S.G. § 4B1.1(a).
IV. CONCLUSION
We AFFIRM Gandy's sentence.