[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13708
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00034-JDW-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINYONTIS QUAVARI GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 15, 2020)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Winyontis Gordon appeals his 192-month sentence imposed after pleading guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Gordon asserts (1) his conviction and sentence violate the Commerce Clause because the Government did not have to prove his possession of a firearm had a substantial effect on interstate commerce; and (2) the district court erred in finding a Florida criminal punishment code sentencing scoresheet was a *Shepard*[1] document and then relying on that scoresheet to sentence him under the Armed Career Criminal Act (ACCA).  After review, we affirm Gordon's conviction, but vacate and remand for resentencing.

## I.  DISCUSSION

### A.  *Constitutionality of § 922(g)(1)*

It is unlawful for a convicted felon to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The Supreme Court has held that, under the predecessor statute to § 922(g), proof the firearm had previously traveled in interstate commerce was sufficient to satisfy the required "minimal nexus" between possession and commerce.  *Scarborough v. United States*, 431 U.S. 563, 575-77 (1977).  We have "repeatedly held" § 922(g)(1) "is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."  *United States v.*

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

*Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).  We have also held § 922(g)(1) is not unconstitutional as applied to a defendant where the government demonstrated that the firearm had traveled in interstate commerce.  *Id.*  A showing the firearm was manufactured in one state and traveled in interstate commerce to another state satisfies the "minimal nexus" test.  *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010) (concluding the government satisfied the nexus requirement by showing the firearms were manufactured outside the state in which the offense took place, thereby necessarily traveling in interstate commerce).

Plain error review applies because Gordon did not challenge § 922(g)'s constitutionality in the district court.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (reviewing a constitutional challenge raised for the first time on appeal for plain error).  The district court did not plainly err because Gordon admitted to knowingly possessing a firearm and ammunition as a felon and did not dispute that those items were manufactured out of state.  *See Wright*, 607 F.3d at 715-16.  And our precedent forecloses Gordon's facial and as-applied constitutional challenges to § 922(g)(1).  *See id.; Jordan*, 635 F.3d at 1189.  Accordingly, we affirm Gordon's conviction.

B.  *ACCA*

The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm who has 3

3

previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The "elements clause" of the ACCA defines "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B); *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  Under the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).  And "use" requires "active employment" of physical force.  *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).

To determine whether a predicate offense qualifies as a violent felony under the elements clause, courts apply either the categorical or the modified categorical approach.  *Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016).  The modified categorical approach, which applies when a statute is divisible into multiple crimes, allows courts to look to a "limited class of documents" to determine the defendant's crime of conviction.  *Id.* at 2249.  Those documents are "the charging document, the . . . plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information."  *Shepard v. United States*, 544 U.S. 13, 26 (2005).  The documents must speak plainly in establishing

4

whether the defendant necessarily committed the qualifying crime because "[t]he Supreme Court has repeatedly stressed that there is a 'demand for certainty' in determining whether a defendant was convicted of a qualifying offense." *United States v. Gandy*, 917 F.3d 1333, 1340 (11th Cir. 2019).

At issue in this case is Gordon's prior conviction under Florida Statute § 784.03. In Florida, a person commits a third-degree felony where he "has one prior conviction for battery, aggravated battery, or felony battery" and "commits any second or subsequent battery." Fla. Stat. § 784.03(2). Battery, in turn, occurs when someone: "1. [a]ctually and intentionally touches or strikes another person against the will of the other [(touching or striking battery)]; or 2. [i]ntentionally causes bodily harm to another person [(bodily harm battery)]." *Id.* § 784.03(1)(a). Bodily harm encompasses "slight, trivial, or moderate harm" to a victim, all of which satisfy the ACCA's definition of violent force. *Gandy*, 917 F.3d at 1340 (quotations omitted).

We have treated Florida Statute § 784.03(1)(a) as divisible and, therefore, applied the modified categorical approach and allowed review of *Shepard* documents regarding convictions under that statute. *Id.* at 1339-40. Section 784.03(1)(a)1—touching and striking battery—does not categorically qualify as a violent felony, and § 784.03(2)(a)2—bodily harm battery—does categorically qualify as a violent felony. *See Johnson*, 559 U.S. at 136-40 (concluding offenses

5

under § 784.03(1)(a) do not categorically qualify as ACCA violent felonies because battery by touching does not have the requisite physical-force element); *Gandy*, 917 F.3d at 1339-40 ("Battery by 'intentionally causing bodily harm' categorically constitutes a crime of violence.").

In Florida, the prosecution prepares a scoresheet for each defendant and presents it to defense counsel for review before sentencing. Fla. R. Crim. P. 3.704(d)(1). A defendant receives points for his criminal history, the victim's injury, and other relevant factors, which are then totaled. *See* Fla. Stat. § 921.0024. A victim injury is "scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing." Fla. R. Crim. P. 3.704(d)(9). A defendant can receive points for a victim's injury where victim injury is not an element of the offense. *Rogers v. State*, 963 So. 2d 328, 330-32 (Fla. 2d DCA 2007) (explaining the Florida Rules of Criminal Procedure were revised to remove a requirement the victim injury be an element of the crime for scoresheet purposes).

In finding Gordon's conviction under Florida Statute § 784.03 was a violent felony, the district court both (1) determined the Florida criminal punishment code sentencing scoresheet qualified as a *Shepard* document, and (2) relied on the scoresheet to conclude Gordon's battery conviction under Florida Statute § 784.03 was a violent felony. We need not decide whether the scoresheet is a *Shepard*

document because the document lacks sufficient information to determine whether

Gordon's conviction qualifies as a violent felony.[2]  While the scoresheet states that

Gordon's victim's injury was "slight" which satisfies the "violent force" definition,

*see Gandy*, 917 F.3d at 1340, the scoresheet does not specify under which

subsection of § 784.03 Gordon's conviction was obtained.  That the victim injury

was scored as "slight" does not provide the requisite certainty Gordon was

convicted of the "bodily harm" subsection of the battery statute, however, because

Florida law does not require that victim injury be an element of the offense in order

to score the victim injury on the scoresheet.  *See Rogers*, 963 So. 2d at 330-32.

Gordon's scoresheet does not "speak[] plainly" in establishing the elements of

Gordon's conviction and thus does not satisfy the demand for certainty in

determining whether Gordon was convicted of a qualifying ACCA offense.  *See*

*Gandy*, 917 F.2d at 1340 ("[W]e may conclude that Gandy was convicted of a

qualifying offense only if the *Shepard* documents 'speak plainly' in establishing

the elements of his conviction.").

   The district court erred in concluding Gordon's conviction for battery under

Florida Statute § 784.03 was a violent felony.  *See Owens*, 672 F.3d at 968

(reviewing *de novo* whether a conviction is a violent felony for purposes of the

---

   [2]  We offer no opinion regarding whether a scoresheet could be used as a *Shepard* document in another case.  We hold only that, under these facts, the document lacks the requisite specificity required.

7

ACCA).  Because Gordon's § 784.03 conviction does not qualify as a violent

felony, we vacate Gordon's ACCA enhancement and remand for resentencing.

## II.  CONCLUSION

We affirm Gordon's § 922(g) conviction, but vacate his ACCA enhancement

and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED AND**

**REMANDED FOR RESENTENCING.**