[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10925
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cr-00096-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS A. TOOMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 22, 2021)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Dennis Toomer appeals his 240-month sentence, imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(e).  Toomer contends the district court erred in enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  No reversible error has been shown; we affirm.

Before sentencing, the probation officer prepared a presentence investigation report ("PSI").  In pertinent part, the probation officer determined that Toomer qualified as an armed career criminal based on four prior Florida felony convictions: (1) a 2001 conviction for the sale of cocaine; (2) a 2003 conviction for felony battery; (3) a 2007 conviction for resisting an officer with violence; and (4) a 2012 conviction for felony battery.

Toomer objected to the PSI's determination that he qualified for an ACCA-enhanced sentence.  Pertinent to this appeal,[*] Toomer argued that his 2003 and 2012 convictions for felony battery, in violation of Fla. Stat. § 784.03, were not "violent felonies" under the ACCA.

---

[*] That Toomer's convictions for the sale of cocaine and for resisting an officer with violence constitute qualifying convictions under the ACCA is undisputed.

2

At the sentencing hearing, the district court overruled Toomer's objections to his ACCA classification.  After calculating a guidelines range of 210 to 262 months' imprisonment, the district court imposed a sentence of 240 months.

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA.  United States v. Vereen, 920 F.3d 1300, 1312 (11th Cir. 2019). We review the district court's factual findings for clear error.  United States v. Diaz-Calderone, 716 F.3d 1345, 1348 (11th Cir. 2013).

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and who has 3 prior convictions for a violent felony or a serious drug offense (crimes committed at different times) is subject to a 15-year statutory minimum sentence. 18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as one of several enumerated crimes or as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  Id. § 924(e)(2)(B).

In determining whether a prior conviction qualifies as a violent felony under the ACCA, courts generally apply a categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense, instead of the actual facts underlying the defendant's prior conviction."  See United States v. Robinson, 583 F.3d 1292, 1295 (11th Cir. 2009) (quotations omitted).  When -- as in this case

3

-- the statute of conviction lists alternative statutory phrases that define different crimes, courts apply a modified categorical approach. See Descamps v. United States, 570 U.S. 254, 257 (2013); Curtis Johnson v. United States, 559 U.S. 133, 136 (2010) (stating that Fla. Stat. § 784.03 is a divisible statute subject to the modified categorical approach).

The modified categorical approach allows for a limited inquiry into the facts underlying the prior conviction to determine which alternative statutory phrase formed the basis for the defendant's conviction. Descamps, 570 U.S. at 263. The district court may consult a limited class of documents, including the charging document, the written plea agreement, the transcript of the plea colloquy, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." Shepard v. United States, 544 U.S. 13, 20-21, 26 (2005). We have concluded that a document that is incorporated by reference in a plea agreement -- as the factual basis for the defendant's guilty plea -- is a "comparable finding of fact" that may be considered properly under Shepard. See United States v. Gandy, 917 F.3d 1333, 1340-42 (11th Cir. 2019).

Florida law provides that "[t]he offense of battery occurs when a person: (1) [a]ctually and intentionally touches or strikes another person against the will of the other; or (2) [i]ntentionally causes bodily harm to another person." Fla. Stat.

4

784.03(1)(a). A battery committed by intentionally causing bodily harm constitutes a violent felony under the ACCA. See Gandy, 917 F.3d at 1339-40 (concluding that Florida bodily-harm battery constitutes a "crime of violence" under the Guidelines); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (stating that the definition of "crime of violence" under the Guidelines is analogous to the definition of "violent felony" under the ACCA).

On appeal, Toomer asserts that the government cannot prove that his 2003 and 2012 felony battery convictions involved the intentional causing of bodily harm and, thus, the government failed to prove that Toomer had three qualifying felonies under the ACCA. In particular, Toomer contends the district court erred in relying on non-Shepard-approved documents to determine the nature of his felony battery convictions.

About his 2003 felony battery conviction, Toomer challenges the district court's reliance on a document titled "Adult Probable Cause Affidavit." The second page of the document consists of an arrest warrant -- signed by a judge and by the arresting officer -- and a probable cause statement describing an altercation between Toomer and his 7.5-month pregnant girlfriend during which Toomer "did push to the ground, pull along the floor and spit on the victim," causing minor injuries to the victim's face and neck.

5

The district court determined that the "Adult Probable Cause Affidavit" was incorporated by reference in Toomer's 2003 plea agreement and, thus, was a document that could be considered properly under Shepard. We see no clear error in the district court's determination.

Toomer's 2003 plea agreement consisted of a pre-printed form titled "Plea and Sentencing Agreement." The form required a factual basis for the plea, which could be met by incorporating a document by reference or by writing in the factual basis. The incorporation-by-reference option -- the option circled on Toomer's plea agreement -- provided that "[t]he arrest report which is part of the court record filed with the clerk of the court is hereby incorporated by reference and agreed to by the defendant as a factual basis for the plea." Although Toomer's pre-printed plea agreement form used a generic term "arrest report," the state court docket contained no document by that name; the "Adult Probable Cause Affidavit" was the only document in the state court record that provided the factual basis for Toomer's plea.

Toomer next challenges the district court's reliance on a document titled "Warrant/OTTIC Affidavit": a document that included a probable cause statement for Toomer's 2012 felony battery conviction. The document described an incident during which Toomer grasped his mother around the neck and applied pressure,

6

causing a partial obstruction of her airway. As a result, Toomer's mother nearly lost consciousness and suffered scratches and abrasions on her neck and face.

The district court determined that the "Warrant/OTTIC Affidavit" was incorporated into Toomer's 2012 plea agreement. As with Toomer's 2003 felony battery conviction, his plea agreement for his 2012 felony battery conviction was on a pre-printed "Plea and Sentencing Agreement" form. The "Factual Basis for Plea" section of the form, however, read this way: "The arrest report or offense report or probable cause affidavit which is a part of the court record filed with the clerk of the court is hereby incorporated by reference and agreed to by the defendant as a factual basis for the plea." Given this broad language, the district court committed no clear error in determining that the "Warrant/OTTIC Affidavit" provided the factual basis for the plea and was incorporated into the 2012 plea agreement.

Because the district court determined reasonably that both the "Adult Probable Cause Affidavit" and the "Warrant/OTTIC Affidavit" constituted documents incorporated by reference as the factual bases for Toomer's guilty pleas, those documents were reviewable under Shepard. See Gandy, 917 F.3d at 1340-42. The factual allegations in these two incorporated documents are sufficient to show that each of Toomer's felony battery convictions were for

7

bodily-harm battery: a violent felony under the ACCA.  The district court thus concluded properly that Toomer had at least three qualifying felony convictions under the ACCA and was subject to an enhanced sentence.

AFFIRMED.