[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10733

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL SCOTT COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cr-00143-MCR-1

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Cole pleaded guilty to possession of a firearm and ammunition by a convicted felon and was sentenced to seventy-two months' imprisonment plus three years' supervised release. He appeals his sentence, contending that the district court incorrectly classified his Florida convictions for felony battery and aggravated assault as crimes of violence under the sentencing guidelines. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 30, 2019, Cole was arrested for domestic violence battery. Law enforcement found a loaded pistol in his possession. A grand jury indicted him on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2), to which Cole pleaded guilty. The presentence investigation report indicated a base offense level of 24 because Cole had two prior convictions for Florida felonies constituting crimes of violence under the sentencing guidelines: felony battery and aggravated assault.

The felony battery occurred in 2011, when Cole became violent with his girlfriend during an argument. He originally was arrested for possession of a firearm by a convicted felon, aggravated assault, and domestic battery by strangulation, but pursuant to a plea agreement, the state didn't pursue those charges and Cole

pleaded no contest to felony battery. Cole was adjudicated guilty of violating Florida Statutes section 784.03(2).

Cole indicated his no-contest plea on an amended sentence recommendation form, which he and defense counsel signed as the plea agreement with the state. The form included standard language that "the **arrest report** or **offense report** or **probable cause affidavit** which is a part of the court record filed with the clerk of the court is hereby incorporated by reference and agreed to by the defendant as a factual basis for this plea and / or the factual basis is as follows." No write-in factual basis was provided. The arrest report included Cole's girlfriend's initial statement that Cole "grabbed her around the neck, pushed her to the couch, and strangled her to the point to which she got dizzy and started to pass out"; her "change[d] . . . story" that "she punched [him] first"; his "spontaneous utterance" that "she punched him and he then choked her"; and the arresting officer's observations that the girlfriend had "bruises and scratches all around her chest."

Three years later, Cole was arrested for aggravated assault with a deadly weapon without the intent to kill. He briefly left an argument with an acquaintance's roommate to get a handgun from his vehicle, came back with the gun, and frightened the roommate and one of the roommate's neighbors. Cole pleaded no contest to the aggravated assault and was adjudicated guilty.

Cole objected to the presentence investigation report, arguing that neither felony battery nor aggravated assault qualified categorically as a crime of violence.

As to the felony battery, Cole said that, because Florida battery could be committed by nonconsensual touching, it was "categorically overbroad." He argued that the modified categorical approach was inappropriate because he pleaded no contest (rather than guilty), "a no contest plea in Florida does not constitute an admission to the facts stated in the arrest report," "stipulations to the factual basis to support a nolo plea do not constitute proof of the crime committed," and "with a nolo plea, the Florida court was not required to find, and [he] was not required to admit, whether the offense was committed by touching or striking or intentionally causing bodily harm." Even if the modified categorical approach were appropriate, he continued, it wouldn't indicate whether he committed the battery by touching because "the elemental basis for the conviction [wa]s impossible to determine on the record, and the [district] court [couldn't] simply determine the basis for the conviction using the arrest report in the case of a nolo contendere plea."

As to the aggravated assault, Cole maintained that it wasn't a crime of violence because it could be committed with a mens rea of culpable negligence (akin to recklessness). He noted that, although he had "limited recollection" of the assault, he thought the police report was wrong and that he "never raised or pointed the firearm at either alleged victim." Cole acknowledged our holding in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013), that Florida aggravated assault is a crime of violence, but he asserted that *Turner*'s holding was wrong because it ignored Florida caselaw on aggravated assault's mens rea. Cole also argued that Florida

aggravated assault was overbroad because it didn't require proof of intent to cause serious bodily injury: "in Florida, no violence is necessary to convict, only the threat to do violence."

Cole contended that his base offense level should be 14 without the crimes of violence. The district court overruled Cole's objections. As to the felony battery, it employed the modified categorical approach and examined the arrest report, which it deemed incorporated by reference into the plea agreement as the factual basis for the no-contest plea. From the arrest report, the district court found that Cole was convicted of bodily-harm battery, not nonconsensual touching, so the conviction qualified as a crime of violence under the guidelines. As to the aggravated assault, the district court applied our holding in *Turner*.

The district court adopted the presentence investigation report as written and sentenced Cole to seventy-two months' imprisonment, to be followed by three years' supervised release.

## STANDARD OF REVIEW

"We review de novo whether a defendant's prior conviction qualifies as a crime of violence under the sentencing guidelines." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010) (cleaned up). "We review the district court's findings of fact for clear error." *United States v. Diaz-Calderone*, 716 F.3d 1345, 1348 (11th Cir. 2013).

## DISCUSSION

We first discuss whether Cole's felony battery conviction was a crime of violence under the sentencing guidelines. Then, we consider whether his aggravated assault conviction was a crime of violence.

### *Felony Battery*

When a state's criminal statute is indivisible—i.e., when it defines a crime through a single set of elements—we apply the categorical approach to determine whether it defines a crime of violence. *Mathis v. United States*, 579 U.S. 500, 504–05 (2016). But when a statute is divisible into different sets of elements, we apply the modified categorical approach. *Id.* at 505. This modified approach allows us to consult "a limited class of documents [called *Shepard*[1] documents] (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

Cole was convicted under Florida's felony battery statute, section 784.03(2). This statute makes it a felony for "[a] person who has one prior conviction for battery, aggravated battery, or felony battery" to "commit[] any second or subsequent battery." Fla. Stat. § 784.03(2). The least culpable conduct that could result in conviction under this statute is committing two batteries under section 784.03(1)(a). *See Johnson v. United States*, 559 U.S. 133, 136 (2010)

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

("[S]imple battery under Florida law . . . ordinarily is a first-degree misdemeanor but is a third-degree felony for a defendant who . . . has been convicted of battery (even simple battery) before." (citations omitted)).

Section 784.03(1)(a) defines battery as either (1) "[a]ctually and intentionally touch[ing] or strik[ing] another person against the will of the other," or (2) "[i]ntentionally caus[ing] bodily harm to another person." Fla. Stat. § 784.03(1)(a). "Because section 784.03 does not define a crime of violence under the categorical approach, we must decide whether the modified categorical approach allows us to conclude that [Cole]'s conviction qualifies." *United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (citation omitted). The statute is divisible at least into the "touching or striking" and "causing bodily harm" alternatives,[2] so we employ the modified categorical approach and consult the *Shepard* documents to determine whether Cole was convicted of bodily-harm battery. *Id.* Our inquiry ends if we determine that he was, because "[b]attery by 'intentionally causing bodily harm' categorically constitutes a crime of violence." *Id.* at 1339–40.

Cole argues primarily that the arrest report provided no factual basis for his no-contest plea. The "boilerplate language" on the amended sentence recommendation form, which incorporated the arrest report by reference as a factual basis, "was inapplicable

---

[2] The "touching or striking" language may be further divisible into "touching" and "striking" types of battery. *See Diaz-Calderone*, 716 F.3d at 1347.

or superfluous to the Florida court's disposition of the case" because he wasn't convicted of any of the three offenses for which the report offered support. He adds that significant plea negotiations, whose details are absent from the record, must have occurred between initial preparation of the sentence recommendation form and acceptance of the no-contest plea, rendering the factual-basis language moot.

Our holding in *Diaz-Calderone* is on point. There, the defendant pleaded no contest to, and was convicted of, Florida aggravated battery on a pregnant woman, which presents the same statutory alternatives as battery—touching or striking or causing bodily harm—but adds a pregnant victim and a mens rea for the pregnancy. *Diaz-Calderone*, 716 F.3d at 1347–48. The arrest affidavit stated that the victim's "stomach was badly bruised," and she claimed that the defendant "struck her several times in the arm and stomach." *Id.* at 1348. The district court employed the modified categorical approach to determine whether the defendant was convicted of a crime of violence. *Id.* at 1347. During the plea colloquy for the aggravated battery, the defendant conferred with his counsel and then admitted guilt and his counsel said the arrest affidavit established a factual basis for the plea. *Id.* The district court found that the defendant "assented to the facts which would make this a violent offense." *Id.* at 1350. Accordingly, it sentenced him based on a crime of violence. *Id.* at 1347. We affirmed the sentence, holding that the district court's finding was "not clearly erroneous" because the district court had "a sufficient basis" to conclude that the defendant admitted that he did what the arrest affidavit said he

did. *Id.* at 1350–51. And we determined that his aggravated battery conviction was for a crime of violence, not for nonconsensual touching. *Id.* at 1351.

Here, Cole pleaded no contest to, and was convicted of, felony battery. The arrest report stated that the victim had "bruises and scratches all around her chest" and that, according to her original story, Cole "grabbed her around the neck, pushed her to the couch, and strangled her," and according to her changed story and Cole himself, he "choked" her after she punched him.

Cole's plea agreement speaks for itself. *See United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020) ("We interpret the language of a plea agreement according to its plain and ordinary meaning."). It says that the arrest report "is hereby incorporated by reference and agreed to by the defendant as a factual basis" for his no-contest plea to the felony battery charge. It also says that, by signing the form, the defendant agrees that he has read and understands its contents and, if represented, has discussed with counsel "all of the ramifications or consequences of entering a plea of guilty or nolo contendere to the[] charges." Cole signed the form, as did his counsel. Thus, Cole agreed that he read and understood its contents, including the language providing that he "agreed to" the arrest report as a factual basis for his plea. Whatever plea negotiations occurred to get the prosecution and defense to the agreement, we're left with the agreement itself, which says what it says. Thus, as in *Diaz-Calderone*, the district court's finding was "not clearly erroneous" because the court had "a sufficient basis" to

conclude that Cole admitted that he did what the arrest report said he did.  716 F.3d at 1350–51.

Cole also argues that even if the arrest report provided a factual basis for the plea, it wasn't possible to tell from the report which type of battery he was convicted of committing, and another source—the sentencing scoresheet for his battery—revealed that he committed the nonconsensual touching type.  He contends that the arrest report can't shed light on whether he was convicted of "touching or striking" battery or "intentionally causing bodily harm" battery because the actions the report describes—grabbing, pushing, strangling, and choking—can support a conviction for either type.  He suggests that the Florida court's sentencing scoresheet contradicts the factual-basis language because it shows no points for any victim injury, not even slight injury, meaning he was convicted of only nonconsensual touching.

Although "we ordinarily do not rely on police reports under the modified categorical approach because a defendant ordinarily does not admit the conduct described in them[,] . . . an arrest report that is incorporated by reference into a plea agreement qualifies as a record of comparable findings of fact adopted by the defendant upon entering the plea that we may consider." *Gandy*, 917 F.3d at 1340 (cleaned up).  Cole agreed that the arrest report provided the factual basis for his battery plea, and the arrest report said that he choked his girlfriend.  "Strangl[ing] [someone] to the point to which she [gets] dizzy and start[s] to pass out" is intentionally causing her bodily harm.  *See Zellars v. State*, 707 So. 2d 345, 346–47 (Fla.

Dist. Ct. App. 1998) (strangling victim until she "could not cry out or breathe" was sufficient for jury to find intent to cause victim great bodily harm, permanent disability, or permanent disfigurement).

We reached the same conclusion in *Diaz-Calderone*. There, the defendant's striking "several times" the pregnant woman's "arm and stomach" no doubt involved nonconsensual touching, but we had no trouble holding: "Once it is established . . . that Diaz-Calderone admitted that the way he committed aggravated battery . . . was by striking the victim, as his arrest affidavit says, the case is over. He committed a prior crime of violence." 716 F.3d at 1348, 1351. Thus, *Diaz-Calderone* forecloses Cole's assertion that the facts in the arrest report can't establish the type of battery he was convicted of committing. *See also United States v. Vereen*, 920 F.3d 1300, 1314–15 (11th Cir. 2019) (holding that the defendant's prior battery conviction qualified as a violent felony under the Armed Career Criminal Act when facts stated during the plea colloquy established that he "'repeatedly hit and struck' his victim, leaving visible 'injuries'").

As to Cole's argument regarding the sentencing scoresheet, *Shepard* documents are limited to "a plea agreement, the transcript of a plea colloquy, the charging document, jury instructions, or a comparable judicial record of this information." *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1180 (11th Cir. 2018) (quotation omitted). We "look to [this] small set of record documents to determine the specific elements of the offense that the defendant was convicted of."

*Id.*; *see also Descamps v. United States*, 570 U.S. 254, 264 n.2 (2013) ("Whatever a statute lists (whether elements or means), the documents we approved in *Taylor*[ *v. United States*, 495 U.S. 575 (1990),] and *Shepard*—i.e., indictment, jury instructions, plea colloquy, and plea agreement—would reflect the crime's elements.").

Cole doesn't cite—and we can't find—any authority for the proposition that a sentencing scoresheet is a *Shepard*-approved source. Importantly, the scoresheet doesn't provide information about the elements of the offense, suggesting that it would make a poor *Shepard* document. *See Rogers v. State*, 963 So. 2d 328, 332 (Fla. Dist. Ct. App. 2007) ("Although various refinements of the provisions governing the assessment of victim injury points have been adopted over the course of time, none of those refinements has reintroduced—either explicitly or implicitly—the earlier requirement that the victim injury be an element of the crime."). Accordingly, we decline to treat Cole's scoresheet as a *Shepard* document and won't consult it. In any event, the facts incorporated into the plea agreement through the arrest report squarely contradict the idea that no victim suffered any injury, and the plea agreement very clearly is a *Shepard* document. *See Shepard*, 544 U.S. at 16.

Cole raises two final arguments: (1) that determining from the arrest report that he was convicted of bodily-harm battery violated the Full Faith and Credit Clause of the Constitution, as well as 28 U.S.C. section 1738, because Florida courts regard judgments based on no-contest pleas as inadmissible in court proceedings and legally insufficient to establish facts; and (2) that the modified

categorical approach generally does not apply to convictions based on no-contest pleas. These arguments are foreclosed by our caselaw holding that no-contest pleas are the same as guilty pleas for purposes of determining whether a prior conviction is a crime of violence under the guidelines. *See Gandy*, 917 F.3d at 1342 ("[W]e treat Florida nolo convictions no differently than convictions based on guilty pleas or verdicts of guilt for purposes of the [s]entencing [g]uidelines." (emphasis omitted)).

Because the facts incorporated into Cole's plea agreement make clear that he was convicted of bodily-harm battery, the district court didn't err when it classified his felony battery conviction as a crime of violence under the sentencing guidelines.

### Aggravated Assault

Cole maintains that a defendant can be convicted of Florida aggravated assault with a mens rea of recklessness, so the district court erred when it found that the offense was a crime of violence under *Turner*. We recently rejected this argument in *Somers v. United States*, 66 F.4th 890 (11th Cir. 2023).

After the Supreme Court explained in *Borden v. United States*, 141 S. Ct. 1817 (2021), "that offenses that can be committed with a mens rea of recklessness do not satisfy the elements clause of the [Armed Career Criminal Act]," *Somers*, 66 F.4th at 895, we certified questions to the Florida Supreme Court regarding the mens rea required for a conviction of Florida aggravated assault, *id.* at 893. The Florida Supreme Court held that the state's aggravated assault statute demands the specific intent to direct a threat at another

person and therefore can't be violated by a reckless act. *Somers v. United States*, 355 So. 3d 887, 891 (Fla. 2022). Based on this answer, we held that aggravated assault under Florida law qualifies as a predicate offense under the Armed Career Criminal Act as interpreted by *Borden*. *Somers*, 66 F.4th at 892. Accordingly, Cole's arguments must fail.

## CONCLUSION

Cole committed the federal offense of possession of a firearm and ammunition by a convicted felon after he was convicted of felony battery and aggravated assault. Because these convictions count as crimes of violence under the sentencing guidelines, the district court didn't err when it used a base offense level of 24 to sentence him. *See* U.S.S.G. § 2K2.1(a)(2). Thus, we affirm his sentence.

**AFFIRMED.**